UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cr-050-MOC-DSC-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| BLAKE ADAM MASTERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's motion for early termination of supervised release. (Doc. No. 76). The Government opposes Defendant's motion. (Doc. No. 79).

In August 2016, this Court sentenced Defendant to 78 months in prison followed by five years on supervised release. (Doc. No. 61). Defendant completed his term of imprisonment in August 2021, and has been on supervised release since. Thus, Defendant has completed roughly half of his five-year supervised release term.

Early termination of supervised release is appropriate where the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted); see 18 U.S.C. § 3583(e)(1). "[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Folks, 733 F. Supp. 2d at 651. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). Otherwise, the exception justifying early termination would swallow the rule. McKay, 352 F. Supp. 2d at 361.

Defendant's motion highlights his commitment to sobriety, employment, and faith. He is

1

commended for demonstrating significant personal growth since his release from prison. But, as the Government points out, Defendant has completed only half of his term of supervised release. And while the Defendant has apparently complied fully with the terms of his release, such compliance alone "does not warrant early termination." Folks, 733 F. Supp. 2d at 651. Because Defendant fails to adduce sufficient verifiable evidence of "exceptionally good behavior" that would render the remaining two and a half years of supervised release inappropriate, id., the Court will deny Defendant's motion.

The Court notes, however, that Defendant claims to move for early termination with the "full support" of his probation officer. If Defendant could prove to the Court that his probation officer does indeed support early termination (through a signed affidavit, for example), the Court may be willing to reconsider Defendants motion. For that reason, the Court's denial of Defendant's motion will be without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for early termination of supervised release, (Doc. No. 76), is **DENIED** without prejudice.

Max O. Cogburn Jr
United States District Judge